AKA/LRH: USAO2021R00251

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-00311-PX |
| | * | |
| | * | (Conspiracy to Commit Mail Fraud |
| DAJUAN TAYLOR, | * | and Bank Fraud, 18 U.S.C. §1349; Mail |
| | * | Fraud, 18 U.S.C. §1341; Bank Fraud, |
| Defendant | * | 18 U.S.C. §1344; Aiding and Abetting, |
| | * | 18 U.S.C. §2; Forfeiture, 18 U.S.C. |
| | * | § 982(a)(2); 21 U.S.C. § 853) |
| | * | |

USDC- GREENBELT
'23 SEP 7 AM11:06

*******

## INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Mail Fraud and Bank Fraud)

The Grand Jury for the District of Maryland charges that:

At all times material to the Indictment:

### Introduction

1.     **DAJUAN TAYLOR** ("**TAYLOR**") was alternately a resident of Prince George's County, Maryland, and Stafford, Virginia, and the user of Instagram accounts "RealTrapJuan" and "Norackcap"

### Financial Institution Victims

2.     The following were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation: Bank of America Corporation ("BoA"); Capitol One Bank (USA) N.A. ("Capitol One"); CitiBank, N.A. ("CitiBank"); J.P. Morgan Chase Bank, N.A. ("JPMC"); M&T Bank Corp. ("M&T"); PNC Financial Services Group, Inc. ("PNC"); USAA Federal Savings Bank ("USAA"); and Wells Fargo Bank, N.A. ("Wells").

3.      The following were financial institutions whose deposits were insured by the National Credit Union Share Insurance Fund: Andrews Federal Credit Union ("AFCU") and Navy Federal Credit Union ("NFCU").

## The Conspiracy and Scheme to Defraud

4.      Beginning no later than June 2020 and continuing through in or around August 2023 in the District of Maryland and elsewhere, the defendant,

### DAJUAN TAYLOR,

knowingly and willfully combined, conspired, confederated and agreed with others known and unknown to the Grand Jury:

a.      to commit bank fraud, that is, to execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies, funds, and credits owned by, and under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), in violation of 18 U.S.C. § 1344; and

b.      to commit mail fraud, that is, to devise and intend to devise a scheme and artifice to defraud victim financial institutions, and to obtain money and property from the victim financial institutions by means of false and fraudulent pretenses, representations, promises, and material omissions ("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud, to take and receive from a post office and authorized depository for mail matter any matter or thing to be sent and delivered by the Postal Service, in violation of 18 U.S.C. § 1341.

## Object of the Conspiracy and Scheme to Defraud

5.      It was the object of the scheme and artifice to defraud to steal checks from the United States mail addressed to and from  victim individuals and businesses and other postal

2

customers and obtain money from financial institutions and other businesses by altering checks, having recruited "cashers" depositing the altered checks, and then withdrawing proceeds before the fraud was detected by victim financial institutions or parties to the original checks.

**Manner and Means of the Conspiracy and Scheme to Defraud**

It was part of the conspiracy and scheme to defraud that:

6.     **TAYLOR** and his co-conspirators knowingly took and received checks from authorized United States Postal Service depositories which victims had placed in the mail for delivery to various payees.

7.     **TAYLOR** and his co-conspirators would use various Instagram accounts to recruit witting and unwitting cashers.  Typically, **TAYLOR** would seek to recruit individuals who already had a checking account at the financial institution that held the victim's account as it appeared on the stolen check.  Using these individuals accounts, the deposited altered checks would be credited to the cashers' accounts such that funds could be withdrawn immediately.

8.     **TAYLOR** and his co-conspirators would alter the stolen checks to increase the face value of the check and make the casher the payee.

9.     **TAYLOR** and his co-conspirators would promise cashers a share of the proceeds from the deposited checks in exchange for use of the account and the casher's ATM or debit card to make withdrawals, thereby obtaining victim funds which were in the care, control and custody of various financial institutions.

10.     **TAYLOR** traveled to branches of financial institutions hosting the accounts on which the checks were written to make ATM deposits of the stolen and altered checks as well as make subsequent withdrawals.

11.     **TAYLOR** manufactured counterfeit checks based on the account information from stolen checks and sold those checks via online applications such as Telegram to various co-conspirators for those co-conspirators to use in related fraud schemes.

12.     **TAYLOR** and his co-conspirators fraudulently obtained and attempted to obtain moneys in amounts exceeding $497,766 from various financial institutions by accessing victims' accounts with those institutions during the course of the scheme.

18 U.S.C. § 1349

## COUNTS TWO THROUGH ELEVEN
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 3 and 5 through 12 of Count One of the Indictment are incorporated here.

2.    On or about the dates listed below, in the District of Maryland, and elsewhere, the defendant,

### DAJUAN TAYLOR,

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds and other property owned by or under the custody and control of a financial institution by means of material false and fraudulent pretenses, representations and promises; to wit:

| Count | Approx. Date | Branch |
|---|---|---|
| 2 | February 2, 2021 | Withdrawal of $1,500 at a BOA branch located in Seabrook, Maryland |
| 3 | September 15, 2021 | Deposit of an altered check in the amount of $11,262.44 at a NFCU branch located in Glenarden, Maryland |
| 4 | September 22, 2021 | Withdrawal of $1,000 at a NFCU branch located in Clinton, Maryland |
| 5 | October 22, 2021 | Deposit of an altered check in the amount of $8,505.86 at a BOA branch located in Hyattsville, Maryland |
| 6 | October 25, 2021 | Deposit of an altered check in the amount of $9,050.00 at a NFCU branch located in Clinton Maryland |
| 7 | October 26, 2021 | Withdrawal of $1,000 at a NFCU branch located in Clinton, Maryland |
| 8 | November 8, 2021 | Deposit of an altered check in the amount of $9,100.11 at a NFCU branch located in Clinton, Maryland |
| 9 | November 8, 2021 | Withdrawal of $220 at a NFCU branch located in Clinton, Maryland |

| 10 | November 8, 2021 | Withdrawal of $780 at a NFCU branch located in Clinton, Maryland |
| 11 | November 9, 2021 | Withdrawal of $1,000 at a NFCU branch located in Clinton, Maryland |

18 U.S.C. § 1344
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.    Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. § 982 and 21 U.S.C. § 853(p) in the event of the defendant's conviction under any of the offenses in Counts One through Eleven of this Indictment.

### Fraud Forfeiture

2.    Upon conviction of any of the offenses charged in Counts One through Eleven of this Indictment, the defendant,

### DAJUAN TAYLOR,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the scheme to defraud.

### Substitute Assets

3.    If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to

21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).


18 U.S.C. § 982(a)(2), (b)(1)
21 U.S.C. § 853(p)


_Erek L. Barron_ /AWA
Erek L. Barron
United States Attorney


A TRUE BILL:                                      Date: September 7, 2023


**SIGNATURE REDACTED**