IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CASE NO. 8:23-cr-00311-PX |
| DAJUAN TAYLOR, | * |
| Defendant | * |

**ORDER GRANTING CONSENT MOTION TO EXTEND TIME FOR FILING PRETRIAL MOTIONS AND TOLL SPEEDY TRIAL CLOCK**

Upon consideration of the Consent Motion to Extend Time for Filing Pretrial Motions and Toll Speedy Trial Clock, the Court makes the following findings:

1. On September 7, 2032, an indictment was returned against the Defendant, for Conspiracy to commit bank fraud and substantive counts of bank fraud, in violation of 18 U.S.C. § 1344. (ECF 1).

2. The Defendant had his initial appearance and arraignment on September 4, 2024, at which time the Defendant consented to detention pending trial. (ECF Nos. 7, 10.)

3. The deadline to file pretrial motions in this case was scheduled for September 25, 2024. An initial status conference was scheduled for September 26, 2024.

4. The Government and all defense counsel have spoken and had Rule 16.1 discovery conferences. Discovery was provided on September 24, 2024. The discovery is substantial and includes, amongst other things, bank statements, social media evidence and statements from multiple individuals. The Government and defense counsel have also engaged in a discussion about the contours of a possible non-trial resolution.

5. Accordingly, the Government and defense counsel are requesting an extension of

the deadline of the time to file pretrial motions and a tolling of the speedy trial calculation.

6. Counsel for the Defendant consent to the tolling of the speedy trial clock and the extension of time to file pretrial motions.

7. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

8. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

9. Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

10. For the foregoing reasons, the ends of justice will be served by excluding the time period between **September 25, 2024 and November 25, 2024**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests

of the public and Defendant in a speedy trial.

**WHEREFORE**, it is this  25th  day of  September  2024, hereby:

**ORDERED** that the date to file pretrial motions is extended to on or before **November 25, 2024**; and it is further

**ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7), the time period between **September 25, 2024 and November 25, 2024**, is excluded from the time period within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(c).


  9/25/24                                                /S/
_____          _____
Date                                              The Honorable Paula Xinis
                                                  United States District Judge

3